LINZY JOHNSON, ALIAS QUINN, v. THE STATE.

No. 9377.   Delivered November 18, 1925.

**Negligent Homicide—Charge of Court—Additional Instructions—Not Error.**

Where a jury in their retirement, at their request are brought into open court in the presence of appellant and his counsel, and ask the court verbally a question, which is replied to by the court in the same way, his answer to the jury's question being made at the suggestion of one of ap-

pellant's counsel, no objection being made nor exception taken at the time, complaint of such action of the court comes too late when presented for the first time on a motion for a new trial.

Appeal from the District Court of Crosby County. Tried below before the Hon. Clark M. Mullican, Judge.

Appeal from a conviction of negligent homicide, penalty a fine of fifteen hundred dollars.

The opinion states the case.

*W. P. Jones*, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Crosby County for the offense of negligent homicide and his punishment assessed at a fine of fifteen hundred ($1500.00) dollars.

The evidence from the State's standpoint was sufficient to show an unprovoked killing, while that from the defendant's standpoint was possibly sufficient to raise the issue of negligent homicide. Upon the issues thus presented, the appellant was given the benefit of one of his chief defenses.

There are but two bills of exceptions in the record and these each complain at the action of the court in instructing the jury orally in response to a question from them as to how much the defendant would receive a day for laying his fine out in jail. To the first bill of exception, the court states as a qualification:

"All of the above occurred in the presence and hearing of the defendant and his counsel and at the instance, request and suggestion of his attorney, and with the free acquiescence of the defendant and his counsel. Neither the defendant nor either of his attorneys in any manner objected, protested, excepted or in the least complained except in his amended motion for a new trial."

The second bill of exceptions contains the qualification that the judge was asked a question by the foreman of the jury and that he verbally answered the same, and that this all occurred and transpired in the presence and hearing of the defendant and his two attorneys, who were in the court room, and to which action of the court neither the defendant nor either of his attorneys in any manner protested, objected, or in the slightest complained, save and except in his amended

motion for a new trial, and as above stated that the answer made to the foreman was made at the suggestion of one of the defendant's counsel. Appellant accepted these bills of exceptions with the court's qualifications as above stated, attached thereto, and failed to in any manner except to the qualifications. Under this condition of the record, the appellant waived any right that he may have had to complain at the court's action in the particular stated. Appellant will not be permitted to sit idly by and not reserve an exception to the court's action with reference to charging the jury and then be heard to complain of the same for the first time in a motion for a new trial.

There being no error properly preserved in this record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.